KOCH CORPORATION, a corporation of the State of Delaware,

*vs.*

JOSEPH STAHL, BERNARD A. STAHL and ANNA M. L. MORRISON.

*New Castle, Feb.* 15, 1929.

*W. Thomas Knowles*, for defendants.

THE CHANCELLOR. It is unnecessary to consider whether the present holder had notice at the time of taking title of the prior deed of reconveyance from Mrs. Morrison to the complainant, then unrecorded, nor whether the predecessor in title of the present holder had such notice, for the reason that both the deed from Mrs. Morrison to Joseph Stahl and the deed from the latter to Bernard A. Stahl were given without a valuable consideration. One of the essential elements necessary to the defense of a bona fide purchaser without notice, viz., the payment of a valuable consideration, is lacking. Notice of a prior outstanding right in the complainant or its absence, is therefore of no moment in this case.

The defendants seem to hold the view that the declaration of trust which Joseph Stahl executed, and of which Bernard A. Stahl had notice prior to the receipt of the title by him, puts Bernard A. Stahl in the situation of a bona fide purchaser for value unburdened by the complainant's rights. I am unable to agree with this view, even though want of notice of the complainant's right be conceded. Bernard A. Stahl notwithstanding he may be bound by the declaration of trust executed by Joseph, his grantee, is nevertheless a gratuitous grantee. The so-called

trust is not one for the benefit of creditors as is contended by the defendants. I do not pause to consider whether, if it were, that fact would alter the situation. But it was not such a trust. It does not on its face purport to be such, and the evidence shows it not to be. Some at least of the beneficiaries were not creditors but stockholders who were to be repaid their investment out of the proceeds of sale when made, after debts owed by the corporation to the other beneficiaries were paid. Creditors generally were not given the right to be admitted to a participation in the trust. If this was a trust for the benefit of the complainant's creditors, both the declaration of trust and the evidence fail to show it, and strange to say, it was a trust (if for creditors) created not by the debtor but by someone else. The body of creditors of the complainant whose land has gotten away from it are not only not protected by the declaration, but so far as this particular land is concerned they are immeasurably worse off with the title where it is than they would be if it were put back in the complainant, where it was before Mrs. Morrison assumed in violation of the complainant's rights to give it away. The defendants' argument in behalf of creditors, therefore, and their protection has no force.

I do not see the significance of the defendants' contention that the deed to Mrs. Morrison was void as in violation of the act against fraudulent conveyances. The object of that act is to protect creditors. Yet the defendants, if they succeed in successful resistance to the bill, will deprive the complainant's creditors of all opportunity to have recourse to this particular piece of the complainant's assets.

But however that may be, the evidence fails to show that the complainant in making the deed to Mrs. Morrison was seeking to defraud its creditors. I need not review the evidence. It is sufficient to say that my conclusion from it is that the deed to her was solely for the purpose indicated by the resolution authorizing it, viz., to facilitate sales. How sales were to be helped need not be stated. It is enough to state that the desired facilitation of sales was not to be achieved by fraud on creditors. These observations dispose of the further contention made by the

defendants to the effect that the complainant comes into court with unclean hands.

Decree as prayed.